IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. __________________

THE ESPY FAMILY TRUST, BY AND THROUGH DAVID ESPY AND SHANNON ESPY, TRUSTEES,

Plaintiff,

v.

AUTO-OWNERS INSURANCE COMPANY,

Defendant.

---

**NOTICE OF REMOVAL**

---

Defendant Auto-Owners Insurance Company ("Defendant" or "Auto-Owners"), by and through its attorneys, Adam P. O'Brien and Aaron L. Hayden of the law firm of Wells, Anderson & Race, LLC, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully files this Notice of Removal of this action from the District Court, Denver County, State of Colorado, to the United States District Court for the District of Colorado. As grounds for removal, Defendant states as follows:

## I. INTRODUCTION

1. On June 18, 2018, Plaintiff, The Espy Family Trust, by and through David Espy and Shannon Espy, Trustees ("Plaintiff"), commenced an action against Auto-Owners in District Court, Denver County, Colorado captioned *The Espy Family Trust, by and through David Espy*

*and Shannon Espy, Trustees v. Auto-Owners Insurance Company, a Michigan Corporation*, Case No. 2018CV32263. *See* **Ex. A**, Plaintiff's Complaint and Jury Demand ("Compl.").

2. This case arises out of an insurance claim made by Plaintiff seeking to recover insurance benefits from Auto-Owners for alleged damage to property located at 10814 Linda Vista Drive, Broomfield, Colorado 80021. *See* Ex. A, Compl. ¶¶ 6-34. Plaintiff claims damage to the property was caused by a hail and windstorm, which occurred on or about May 8, 2017. *See id.* ¶ 7.

3. Plaintiff alleges that Auto-Owners issued a Policy of Insurance to Tom Saull, the previous owner of the property in question. ("Policy"). *See id.* at ¶ 6. Plaintiff alleges that the Policy provides coverage for the damage to the property, but that Auto-Owners has refused to issue payment sufficient to fully repair the damage allegedly caused by the storm and provide benefits due under the Policy. *See id.* at ¶¶ 23-28. Plaintiff also alleges that Defendant breached its duties of good faith and fair dealing and violated Colorado Revised Statute §§ 10-3-1115 and 1116. *See id.* ¶¶ 29-34.

4. Although Plaintiff does not state an amount in controversy in the Complaint, Owners demonstrates herein by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.

## II. COMPLIANCE WITH COURT RULES AND DEADLINES

5. Pursuant to 28 U.S.C. § 1441, the United States District Court for the District of Colorado is the appropriate court for filing a Notice of Removal from the District Court, Denver County, Colorado, where this action is pending. This action concerns an insurance dispute over alleged damages to real property located in Colorado.

6. As set forth in an Affidavit of Service filed in Denver County District Court, Plaintiff purportedly effectuated service of the Complaint on Auto-Owners on June 18, 2018, by serving its statutory agent, the Colorado Division of Insurance. *See* **Ex. B**, Affidavit of Service.

7. Defendant's Notice of Removal is timely filed within the limits set forth in 28 U.S.C. § 1446, which requires removal within thirty (30) days of receipt of service of process by Defendant. All procedural requirements related to the removal of this action have been satisfied.

## III. DIVERSITY JURISDICTION

8. This is an action in which the district courts of the United States have original jurisdiction under 28 U.S.C. § 1332 because diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

9. The "purpose of diversity jurisdiction is to protect out-of-state defendants from possible home-town prejudice of jurors from the plaintiff's state." *McPhail v. Deere & Co.*, 529 F.3d 947, 952 (10th Cir. 2008). "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

### A. Complete Diversity of Citizenship Exists Pursuant to 28 U.S.C. § 1332(a)(1).

10. To meet the diversity requirement for federal jurisdiction there must be complete diversity between all plaintiffs and all defendants. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005). Thus, "[i]t is elementary that § 1332 provides jurisdiction only where there is complete

diversity, that is, where all plaintiffs are of different citizenship than all defendants." *Hale v. MasterSoft Int'l Pty. Ltd.*, 93 F. Supp. 2d 1108, 1111 (D. Colo. 2000) (citations omitted).

11. Plaintiff is a citizen of Colorado. *See* Ex. A, Compl. ¶ 1.

12. A corporation, such as Auto-Owners, "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (2018); *see Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010); *Hale*, 93 F. Supp. 2d at 1111.

13. Auto-Owners is a Michigan corporation with its principal place of business in Michigan. *See* **Ex. C**, Certificate of Fact of Existence, Colorado Secretary of State Summary page, and Articles of Incorporation. (*Exhibit C* is comprised of public records available from the website of the Colorado Secretary of State). In addition, Owners Insurance Company, which issued the policy at issue, is an Ohio corporation with its principal place of business in Michigan.

14. Complete diversity of citizenship exists because Plaintiff is not a citizen of Michigan (or Ohio). Additionally, as set forth below, the amount in controversy between the parties exceeds $75,000, such that removal is proper. *See* 28 U.S.C. § 1332(c)(1) (2018).

**B. The Amount in Controversy Exceeds $75,000 Pursuant to 28 U.S.C. § 1332(a).**

15. Without waiving Defendant's right to contest Plaintiff's ability to recover any particular amount of damages, diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) exists because Plaintiff seeks a monetary judgment in excess of the $75,000 minimum amount in controversy requirement. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2) (2018). A civil cover sheet filed in State Court in

which a Plaintiff asserts that more than $75,000 is in issue is an "initial pleading" or "other paper" under § 1446(b)(3) which is evidence of the amount in controversy. *Paros Properties LLC v. Colorado Cas. Inc. Co.*, 835 F.3d 1264, 1272 (10th Cir. 2016).

16. The amount in controversy must be determined by the allegations of the complaint or, where they are not dispositive, by the allegations in the Notice of Removal. *See Laughlin v. Kmart Corp*., 50 F.3d 871, 873 (10th Cir. 1995); *Martin v. Franklin Capital Corp*., 251 F.3d 1284, 1290 (10th Cir. 2001). In determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint. *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940). "The test for determining the amount in controversy is the pecuniary result to either party which the judgment would produce." *Id.; see also McPhail*, 529 F.3d at 954 (the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose).

17. Courts should apply the same liberal rules to removal that are applied to other matters of pleading. *Dart Cherokee Basin Operating, Co. v. Owens,* 135 S. Ct. 547, 553 (2014). "When a defendant seeks federal adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* Furthermore, a defendant's Notice of Removal need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554.

18. The defendant is not required to prove the legal conclusion that the statutory amount is in fact in controversy or that the plaintiff will in fact recover that amount. *McPhail*, 529 F.3d at 955-56. "The amount in controversy is not proof of the amount that the plaintiff will recover but rather is an estimate of the amount that will be put at issue in the course of litigation." *Id.* at 956.

19. Once a defendant establishes contested facts which support the requisite amount in controversy, a defendant is entitled to remain in federal court unless it is "legally certain that less than $75,000 is at stake. If the amount is uncertain then there is a potential controversy, which is to say that at least $75,000 is in controversy in the case." *McPhail*, 529 F.3d at 954.

20. Attorney fees can be included in determining the amount in controversy if the underlying state law on which one or more of the plaintiffs' claims is based permits an award of attorney fees. *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933)). Likewise, a Court should consider the two-times the covered benefit statutory penalty prescribed in C.R.S. § 10-3-1116 when Plaintiffs allege a claim pursuant to that statute. *See Washington v. Am. Family Mut. Ins. Co.*, No. 12-CV-02229-REB-KLM, 2013 WL 1412327, at *4 (D. Colo. Mar. 18, 2013), *report and recommendation adopted*, No. 12-CV-02229-REB-KLM, 2013 WL 1414241 (D. Colo. Apr. 8, 2013) (citing *Rabin v. Fidelity Nat. Property and Cas. Ins. Co.*, 863 F.Supp.2d 1107, 1110-11112 (D. Colo. 2012)).

21. In the present action, Plaintiff does not specify an amount in controversy in its Complaint. However, Plaintiff's Civil Cover Sheet indicates that a monetary judgment over $100,000 is sought by any party against any other party. *See* **Ex. D**, Civil Cover Sheet. Consequently, Plaintiff asserts, at a minimum, $100,000 is sought in this action.

22. Plaintiff alleges that it is entitled to a full roof replacement and removal and replacement of the property's sheathing. *See* Ex. A, Compl. ¶ 16. Plaintiff further alleges that the contractor it hired to perform repairs to the property prepared a replacement cost estimate placing

the cost of repairs at $30,893.94. *Id.* Plaintiff alleges that Auto-Owners unreasonably delayed or denied in paying these alleged benefits.

23. Plaintiff also asserts damages pursuant to C.R.S. §§ 10-3-1115, 1116. *See* Ex. A, Compl. ¶¶ 29-34. Plaintiff claims that the alleged violation of Sections 10-3-1115, 1116 entitles it to additional damages in the amount of two times the covered benefit (2 x $30,893.94) and an award of reasonable attorneys' fees and costs. *See id.* at ¶¶ 33-34.

24. The allegations in Plaintiff's Complaint and those set forth herein demonstrate that the amount in controversy is in excess of $75,000.

## IV. CONCLUSION

25. Pursuant to 28 U.S.C. § 1446(a), and D.C.COLO.LCivR 81.1, copies of the current docket sheet and of all pleadings, process, and orders in the State Court case file of which Defendant is aware will be filed contemporaneously with this Notice. There are no pending motions or hearings set in the State Court action.

26. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the District Court, Denver County, Colorado, and a copy has been served on Plaintiff, as indicated on the attached Certificate of Service.

27. Auto-Owners reserves the right to conduct limited discovery on the issue of diversity jurisdiction, if necessary. *See McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008). For example, in the event Plaintiff contests whether Auto-Owners has shown the amount in controversy exceeds $75,000, Auto-Owners requests limited discovery on that issue.

28. Auto-Owners states that no waiver and no admission of fact, law, or liability, including without limitation, the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved.

WHEREFORE, Defendant Auto-Owners Insurance Company hereby removes this action from the District Court, Denver County, State of Colorado, to the United States District Court for the District of Colorado.

Respectfully submitted this 18th day of July, 2018.

WELLS, ANDERSON & RACE, LLC

*S/ Adam P. O'Brien*
Adam P. O'Brien
Aaron L. Hayden
1700 Broadway, Suite 1020
Denver, CO 80290
Telephone: (303) 830-1212
E-mail: aobrien@warllc.com

*Attorneys for Defendant Auto-Owners Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that I have this 18th day of July, 2018, filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and sent it via e-mail to the following:

Nathaniel Archuleta
Matthew Hamblin
Furtado Law PC
3773 Cherry Creek N. Drive, Suite 755
Denver, CO 80209
nathanael@furtadolaw.com
matthew@furtadolaw.com
*Attorneys for Plaintiff*

*S/Kathleen Porter*
*signature on file at the offices of Wells, Anderson & Race, LLC)*