| | |
|---|---|
| **DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO.**<br>**1437 Bannock Street, Denver, CO 80202**<br>**Telephone: (720) 865-8301** | DATE FILED: June 18, 2018 10:36 AM<br>FILING ID: 90CCC44035BAD<br>CASE NUMBER: 2018CV32263 |
| **The Espy Family Trust, by and through David Espy and Shannon Espy, Trustees,**<br><br>Plaintiff,<br><br>v.<br><br>**Auto-Owners Insurance Company, a Michigan corporation,**<br><br>Defendant. | ^COURT USE ONLY^ |
| *Attorneys for Plaintiff*<br>Nathanael Archuleta, No. 50075<br>Matthew W. Hamblin, No. 49572<br>Furtado Law PC<br>3773 Cherry Creek North Drive, Ste. 755<br>Denver, CO 80209<br>Telephone: (303) 755-2929<br>Facsimile: (720) 242-7365<br>E-Mail: nathanael@furtadolaw.com<br>         matthew@furtadolaw.com | Case No: 2018CV032247<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW, Plaintiff, the Espy Family Trust, by and through David Espy and Shannon Espy, Trustees, by and through their attorneys, Furtado Law PC for their Complaint against the above-named Defendant Auto-Owners Insurance Company, and states as follows:

## I.   PARTIES AND JURISDICTION

1.   The Espy Family Trust ("Plaintiff") is a living trust and is administrated by its trustees David Espy and Shannon Espy, Colorado residents that reside at 10814 Linda Vista Drive, Broomfield, CO 80021.

2.   Auto-Owners Insurance Company ("Defendant") is a Michigan corporation with a license to conduct business in the state of Colorado.

1

# EXHIBIT A

    3.    This Court has jurisdiction over the subject matter of this action and the parties hereto.

    4.    Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1).

## 1. GENERAL ALLEGATIONS

    5.    Plaintiffs bring this action seeking economic damages related to Defendant's breach of contract and statutory claims pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116 arising from Defendant's unreasonable delay and denial of a timely and proper claim for covered benefits.

## III. FACTUAL ALLEGATIONS

    6.    Defendant issued a property insurance Policy, Policy No. 48-294686-00 ("the Policy"), to Tom Saull for his residential property located at 10814 Linda Vista Drive, Broomfield, CO 80021 ("the Property").

    7.    On or about May 8, 2017, a hail and windstorm hit the Property causing exterior property damage.

    8.    Upon information and belief, Mr. Saull did not learn of the property damage to his roof until close the time he sold his Property in December 2017.

    9.    On or about December 8, 2017, Mr. Saull sold his property to the Espy Family Trust.

    10.    On or about December 11, 2017, Mr. Saull also filed his insurance claim with Defendant by agreement with the Espy Family Trust.

    11.    On or about December 13, 2017, Defendant's adjuster Nicholas Zeman inspected the property, but Mr. Zeman only determined there was minimal damage to the soft metals on the Property's roof. Mr. Zeman also determined that all observable damage on the Property's roofing shingle was caused by wear and tear and excluded from coverage.

    12.    Upon information and belief, Mr. Zeman either failed to document evidence that observed damage on Plaintiff's roof was wear and tear or Mr. Zeman failed to disclose this evidence to Plaintiff during the adjustment of the claim.

    13.    On or about December 22, 2017, Mr. Zeman then drafted an estimate for property damage he observed with a replacement cost value of only $328.39 (actual cash value of $260.40).

    14.    Upon information and belief, Mr. Zeman then issued no payment on the claim due to Mr. Saull's deductible of $1,000.00.

15.   On or about early January 2018, the Espy Family Trust hired Jason Sloan with Exterior Experts, Inc. as the contractor to perform repairs at its Property related to the May 8, 2017 hail and windstorm.

16.   On or about January 10, 2018, Mr. Sloan inspected the Property and drafted a replacement cost value estimate of $30,893.94 for covered damage he observed on the Property from the date of loss. Included in this estimate was a full roof replacement and removal and replacement of Plaintiff's sheathing.

17.   On or about March 29, 2018, Mr. Saull and the Espy Family Trust executed an assignment of claim for valid consideration, and then Plaintiff sent Defendant a demand for appraisal based upon the parties' apparent dispute regarding the amount of loss.

18.   On or about April 18, 2018, Mr. Zeman responded to Plaintiff's demand for appraisal denying Plaintiff's demand for appraisal under the following reasons:

   i. All damage Mr. Zeman observed on the roof was excluded from coverage due to wear and tear. However, Mr. Zeman did not explain how he defined wear and tear damage nor did he provide documentation supporting this conclusion.

   ii. Mr. Zeman also determined that Plaintiff's assignment of claim from Mr. Saull was invalid because the Policy prohibits assignments of claims without written consent of Defendant that Plaintiff did not seek prior to executing the assignment. However, upon information and belief, Mr. Zeman's denial on this point misstates Colorado law that post-loss assignments are generally valid even without consent of an insurance carrier.

   iii. Mr. Zeman also stated the only party that had an insurable interest in the Property at the time of loss was Tom Saull. Therefore, Mr. Zeman concluded that the Espy Family Trust had no standing to demand appraisal. However, upon information and belief, Mr. Zeman's statement on this point misstates the law on contractual assignment of benefits. Mr. Zeman's admission that only Tom Saull had a valid insurable interest in the property on the claim fails to comprehend that such an interest can be transferred by an assignment of claim.

   iv. Mr. Zeman further stated that there were additional benefits owed under the policy from the date of loss because Mr. Saull's home sale did not mention any observed damage on the roof. Upon information and belief, Mr. Zeman's denial of coverage on this point is evidence of an unreasonable denial of claim because Defendant has a non-delegable duty to investigate claims in Colorado. As such, Plaintiff and Mr. Saull has no duty to personally inspect the property for hail damage at the time of the home sale. Mr. Zeman's conclusion also fails to rule out alternative explanations for the lack of a property inspection at the home sale such as that the property was sold to

>Plaintiff from Mr. Saull "as-is." Upon information and belief, Mr. Saull sold his Property to Plaintiff "as-is" without a property inspection.

19. On or about May 16, 2018, Plaintiff's attorney Nathanael Archuleta sent his letter of representation to Defendant outlining the flaws in Defendant's April 18, 2018 denial letter and demanding reconsideration of Plaintiff's appraisal request by June 3, 2018 or else Plaintiff would proceed to litigation.

20. Upon information and belief, Defendant failed to respond to this letter and Defendant's silence is more evidence of unreasonable delay and denial on Plaintiff's claim.

21. Upon information and belief, Mr. Sloan's estimate in this matter represents the available coverage under Mr. Saull's policy for the May 8, 2017 hail and windstorm and Mr. Zeman's denial of this coverage including that a full roof replacement constitutes unreasonable delay and denial of covered benefits under Colorado law.

22. As a consequence of Defendant's conduct in unreasonably denying covered benefits under Mr. Saull's Policy and denying Plaintiff's demand for appraisal, Plaintiff has incurred and continues to incur damages.

### IV.   FIRST CLAIM FOR RELIEF
(*Breach of Contract*)

23. Plaintiff re-alleges each and every allegation of this Complaint and Jury Demand as if fully set forth therein.

24. The Policy creates a contract of insurance.

25. The Policy includes an appraisal provision that sets the binding amount of loss for the parties on any given claim.

26. The Policy contains no clause that would limit the availability of a full roof replacement during a covered loss based upon tile availability in the open market.

27. By its actions, as described above, Defendant breached the contract of insurance by refusing to pay Plaintiffs' appraisal award amount and reducing the appraisal award based upon a misrepresentation of the terms of Plaintiffs' Policy.

28. As a direct and proximate result of said breach, the Plaintiff is entitled to damages in an amount to be determined at trial.

### V.   SECOND CLAIM FOR RELIEF
(*Violation of C.R.S. §10-3-1115 and Relief Pursuant to §10-3-1116*)

29. Plaintiff re-alleges each and every allegation of this Complaint and Jury Demand as if fully set forth therein.

30. C.R.S. §10-3-1115 forbids an insurer from unreasonably delaying or denying payment of a claim for benefits owed to or on behalf of a first-party claimant.

31. Plaintiff is a first-party claimant under C.R.S. §10-3-1115.

32. Defendant has denied the Plaintiffs' claim without a reasonable basis within the meaning of C.R.S. §10-3-1115.

33. C.R.S. §10-3-1116 provides that a first-party claimant whose claim has been unreasonably delayed by an insurer may bring an action in Colorado district court to recover reasonable attorneys' fees and court costs and two times the covered benefit.

34. Because of Defendant's actions, as described above, violate C.R.S. § 10-3-1115, Plaintiff brings this claim to recover its reasonable attorneys' fees and court costs and two times the covered benefit, as allowed under C.R.S. § 10-3-1116.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks that this Court enter judgment in its favor and against Defendant on its Claims for Relief as follows:

1. Damages for Defendant's breach of contract;
2. All unpaid covered benefits owed under the party;
3. Two times the amount of all covered benefits under the Policy;
4. Costs, expert witness fees, and attorneys' fees per statute incurred in prosecuting its claims;
5. Pre- and post-judgment interest; and
6. For such other and further relief as this Court may deem just.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Respectfully submitted this 18th day of June 2018.

>  */s/ Nathanael Archuleta*
> Nathanael Archuleta, #50075
> Matthew Hamblin, #49572
> Furtado Law PC
> 3773 Cherry Creek N. Drive Suite 755
> Denver, CO 80209
> Telephone: (303)755-2929
> FAX: (303) 309-6463
> E-mail: nathanael@furtadolaw.com
>             matthew@furtadolaw.com

5

Attorneys for Plaintiff